USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 96-1684 IN RE: ROBERT J. SPENLINHAUER, Debtor. _________________________ ROBERT J. SPENLINHAUER, Appellant, v. SPENCER PRESS, INC., Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _________________________ Christopher B. Branson, with whom E. Stephen Murray and _______________________ __________________ Murray, Plumb & Murray were on brief, for appellant. ______________________ Stephen G. Morrell, with whom Eaton, Peabody, Bradford & ___________________ ___________________________ Veague, P.A. was on brief, for Joseph V. O'Donnell, Chapter 7 ____________ trustee.  U. Charles Remmel, II, with whom Kelly, Remmel & Zimmerman _____________________ __________________________ was on brief, for appellee Spencer Press, Inc. _________________________ November 14, 1996 _________________________ Per Curiam. After careful review of the briefs and the Per Curiam. __________ record in this matter, and after consideration of the points raised by counsel at oral argument, we see no fairly debatable question. The debtor sought exclusion of the res of the JRS ___ Realty Trust (or, at least, his beneficial interest therein) from the bankruptcy estate under 11 U.S.C. 541(c)(2) (1994); the trustee in bankruptcy obviously had standing to resist exclusion; and the trustee timely voiced an objection to exclusion. More to the point, the self-settled JRS Realty Trust, of which the debtor is both a settlor and a beneficiary, contains a spendthrift clause which is vulnerable under Maine law and which, therefore, cannot support the claim for exclusion. Accordingly, the bankruptcy court did not err in denying the debtor's request to withhold his interest in the trust from the bankruptcy estate. We have repeatedly stated and today reaffirm that we will not write at length to explicate points that have been made perfectly clear by lower courts. Here, both the bankruptcy court, In re Spenlinhauer, 182 B.R. 361 (Bankr. D. Me. 1995), and __________________ the district court, Spenlinhauer v. Spencer Press, Inc., 195 B.R. ____________ ___________________ 543 (D. Me. 1996), have written comprehensive opinions explaining why the debtor's quest for exclusion of his beneficial interest in the JRS Realty Trust from the bankruptcy estate is doomed to failure. Thus, we need go no further, but, rather, we summarily affirm the judgment on the basis of the lower courts' opinions. Affirmed. ________ 2